ISIDORO ALVAREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1075. Submitted October 21, 1940.—Decided November 25, 1940.

*A. L. López* for appellant.    The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In the Registry of Property of Caguas, at pages 147 and 153 of volume 65 of Caguas, properties Nos. 2841 and 2842, first inscriptions there are recorded in the name of Inocencio Colón two tracts of land which are described as follows.

"A. Rural; parcel of land situated in the ward of Borinquen of Caguas, with an area of 10 acres (*cuerdas*) equivalent to 3 hectares, 93 ares, and 4 centiares, bounded on the north by María Angela Muñoz Torres, now the Solá-Muñoz spouses; on the south by Mauricio Morales and Marcelino Solá now Gaspar Caballero; on the east by Francisca Muñoz; and on the west by Rosario Ayala.

"B. Rural; parcel of land of 10 acres (*cuerdas*) equivalent to 10 hectares, 93 ares, and 4 centiares, situated in the ward of Borinquen, Caguas, bounded on the north by Juan Aguayo Hernández; on the south by Francisca Muñoz; on the east by Cándido Solá; and on the west by Rosario Ayala."

Pursuant to the distraint proceedings instituted by the Treasury Department against Inocencio Colón for the collection of the taxes levied on those two parcels of land, the latter were sold at public auction and awarded to Isidoro Alvarez, appellant herein.

In the certificate of purchase of real property issued by the Collector of Internal Revenue of Caguas it is said:

"That as soon as the said certificate, duly registered was received, a notice of attachment of the following real property of the taxpayer was issued:

" 'Rural property, containing 20 acres of land without any buildings thereon, situated in the ward of Borinquen of the Municipality of Caguas, P. R., bounded on the north by José R. Ayala; on the south by Isidoro Alvarez; on the east by Salustiano Polo, and on the west by Ricardo Ayala. (According to the registry two portions appear recorded in the name of Inocencio Colón.) A. Rural; parcel of land situated in the ward of Borinquen of Caguas, with an area of 10 acres, equivalent to 3 hectares, 93 ares, and 4 centiares, bounded on the north by María Angela Muñoz Torres, now the Solá-Muñoz spouses; on the south by Mauricio Morales and Marcelino Solá now Gaspar Caballero; on the east by Francisca Muñoz; and on the west by Rosario Ayala. B. Rural; parcel of land of 10 acres equivalent to 10 hectares, 93 ares, and 4 centiares, situated in the ward of Borinquen of Caguas, bounded on the north by Juan Aguayo Hernández; on the south by Francisca Muñoz; on the east by Cándido Solá; and on the west by Rosario Ayala.''

"That the above described property appears recorded in the Registry of Property of Caguas, P. R., on pages 147 and 153 of volume 65 of Caguas, properties Nos. 2841 and 2842, first inscriptions.''

Upon said certificate being presented in the registry, the registrar refused to record the same on the grounds set forth in the decision appealed from, which reads thus:

"Record of the foregoing document is denied, as the property in the form described does not appear recorded in the name of the taxpayer Inocencio Colón, and in lieu thereof a cautionary notice is taken for 120 days in favor of the grantee Isidoro Alvarez, at page 17 of volume 203 of Caguas, property 6141, entry A, subject to the curable defect of the failure to state the civil status of Mr. Alvarez.''

The appellant maintains that, as there is involved the consolidation of two parcels which appear recorded in the name of the taxpayer Colón, the registrar should have recorded the consolidated property under a new description, distinct from those which appear in the registry as pertaining to the component parcels. In support of his contention, he cites the case of *Moraza* v. *Registrar,* 45 P.R.R. 804.

The respondent says that he is not aware of any authority on the part of the collector to make a consolidation, and

that he is not aware either of the source from which said officer took the necessary information to determine the area, location, and boundaries of the property resulting from the consolidation of the two parcels above described. He further maintains that the collector should have directed separate distraint proceedings against the parcels, individually, for the amount due on each of them, and not against th'e tract resulting from a consolidation made by him for the total amount claimed. He also relies on the case of *Moraza* v. *Registrar, supra.*

The facts in the cited case were practically identical with those in the case at bar with the only difference that there the collector did not state, as he did in the present case, that the property offered for sale was formed by the consolidation of two parcels of land recorded in the name of the taxpayer. This court, in affirming the decision appealed from, said:

"We are of opinion that the registrar was justified in denying the record. The circumstance that the total area of both parcels is equal to that which is stated in the certificate of purchase, does not necessarily mean that the property sold is composed of those two parcels. If the fact is as claimed, the collector of internal revenue should have stated in the certificate that the property sold at auction was formed by consolidating the two parcels of land."

We agree with the registrar that in order to avoid confusion it is better to direct the distraint proceedings against each of the delinquent properties individually, for the amount of the taxes due on each of them instead of consolidating them in a single property.

The appellant interprets the paragraph which we have transcribed above from *Moraza* v. *Registrar, supra,* in the sense that this court has acknowledged the power of the collector of internal revenue to consolidate two or more properties of a delinquent taxpayer and to offer them for sale as a single property for the total amount of the taxes due on the immovables thus consolidated. We do not think that

the transcribed paragraph is susceptible of such a construction; but in order to avoid an erroneous interpretation thereof in the future, we shall now make our position as clear as possible.

The consolidation of two or more properties so as to form a single tract in the future, is an act which can only be done by the owner. The collector is merely the agent of the creditor, the People of Puerto Rico, which has a preferential lien on, but not the ownership of, the properties sold at public auction for the collection of taxes. The delinquent taxpayer whose properties are sold at public auction, has a right of redemption in each of the properties sold. He may redeem one of them by refunding to the purchaser the price paid at the auction plus the interest fixed by the statute; and he may allow the period of redemption to lapse as to the remaining immovables. If the collector were permitted to consolidate all the properties and to offer them for sale as a single tract, the taxpayer would be deprived of the right to redeem one of the properties separately, for lack of sufficient means to redeem them all. We are, therefore, of the opinion that the collector of internal revenue, not being the owner, has absolutely no power for himself, without the express consent of the owner, to consolidate two or more properties which appear separately recorded in the name of a delinquent taxpayer (section 61, subdivision 4, of the Mortgage Law Regulations). The collector is bound to respect the status of said properties in the registry, by attaching them and offering them for sale for the exact amount of the taxes due on each property, as it is only in this way that the right of redemption which the law grants to the taxpayer will be protected.

For the reasons stated the appeal is overruled and the decision appealed from affirmed.